UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BERTINA WOODSON                                                                  PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 1:19-cv-00463-HSO-JCG

BP AMERICA PRODUCTION COMPANY
& BP EXPLORATION & PRODUCTION INC.                                              DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S LETTER MOTION FOR RECONSIDERATION**

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), submit this Memorandum of Authorities in Opposition to Plaintiff's Letter Motion for Reconsideration [ECF No. 42]("Letter Motion"). Plaintiff's request for this Court to reconsider its Final Judgment of Dismissal With Prejudice ("Final Judgment")[ECF No. 41] should be summarily denied because it is untimely and fails to identify any basis sufficient to overturn the judgment.

**I.  BACKGROUND**

Plaintiff is a member of the class whose medical claims were settled by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA").[1] Individual class members were provided an opportunity to opt out of the MSA and to pursue other available legal remedies. Some class members opted out of the MSA. Plaintiff Woodson did not. As permitted by the MSA, she brought this Back-End Litigation Option ("BELO") lawsuit against BP

---

[1] Plaintiff alleges status as a Medical Settlement class member; *see* Complaint [ECF No. 1) at ¶ 1; *See also,* MSA at 6 (§ I) (defining the "MEDICAL BENEFITS SETLEMENT CLASS"). The complete agreement can be found in the record for MDL 2179, C.A. No. 10-md-2179, at Rec. Doc. No. 6427-1.

1

claiming she developed certain medical conditions because she lived within an area purportedly affected by the *Deepwater Horizon* oil spill.

The MSA and Fifth Circuit authority require BELO plaintiffs to prove legal causation through expert testimony, yet Plaintiff failed to designate a single expert witness.[2] Instead, Plaintiff submitted unredacted, unauthenticated medical records and claims forms in response to the BP's Motion for Summary Judgment [ECF No. 35].[3] The Court "consider[ed] Woodson's exhibits" in resolving that motion[4], and entered its October 27, 2020 Judgment in accordance with controlling authority.[5]

## II.  LEGAL STANDARD

A request for relief from a final judgment under Rule 60(b) is an "extraordinary remedy that should be used sparingly," especially where the movant "references no legal authority explaining why reconsideration was warranted based upon the facts of the case."[6] In her Letter Motion, Plaintiff does not articulate (or satisfy) any basis for relief under Rule 60(b) and instead summarily indicates that she simply disagrees with the dismissal. This Court has made clear that "a motion for reconsideration based upon the same arguments previously addressed by the Court only serves to waste valuable court resources."[7] Plaintiff's Letter Motion must be denied.

---

[2] Plaintiff failed to provide any Rule 26 expert reports by the court-mandated disclosure date (April 3, 2020).
[3] *See, e.g.* Notice of Filing of Exhibits [ECF No. 39].
[4] *See* Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment Based on Lack of Causation [ECF No. 40]("Order"), at 4-7.
[5] *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009), citing *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996).
[6] *Favre v. Lyndon Property Ins. Co*., No. 1:07-cv1261-HSO-JMR, 2008 WL 3271100, * 6-7 (S.D. Miss. Aug. 6, 2000)..
[7] *Bishop Insurance Agency, LLC v. Bishop Insurance Services, PLLC*, No. 1:28-cv-350-HSO-JCG, 2020 WL 1861962 , at *2 (S.D. Miss. Mar. 16, 2020)(Motion for Reconsideration denied where party attempted to re-litigate issues previously addressed in the absence of new evidence or evidence of Court's erroneous application of law and "failed to adequately address each of the essential elements of its claims.")

### III. PLAINTIFF'S REQUEST FOR RELIEF FROM THE FINAL JUDGMENT IS UNTIMELY.

Plaintiff is time-barred from requesting relief from the Final Judgment. A motion to alter or amend a judgment must be filed "no later than 28 days" after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). The Final Judgment here was entered on October 27, 2020, and Plaintiff's Letter Motion was not filed until December 21, 2020, well beyond the allowable timeframe. Federal Rule of Civil Procedure 6(b) "continues to prohibit expansion of the 28-day period." *See* Advisory Committee Notes, Fed. R. Civ. P. 59. Consequently, Plaintiff's Letter Motion must be denied.

### IV. PLAINTIFF'S LETTER MOTION FAILS TO SATISFY ANY RECOGNIZED BASIS FOR OVERTURNING THE FINAL JUDGMENT.

Plaintiff's Letter Motion presents no new evidence and alleges no error of law that would potentially entitle her to relief from the Final Judgment. Instead, Plaintiff's Letter Motion summarily asks the Court to reconsider its dismissal and is accompanied by unauthenticated documents that are nearly identical in form to that which the Court previously considered in its Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment [ECF No. 40].[8]

Courts in this district have consistently confirmed that "[t]he purpose of a motion to reconsider is not to re-debate the merits of a particular motion"[9] and that a "motion for reconsideration should not be a 'second attempt to sway the judge."[10] In *Great Lakes*

---

[8] In support of the Motion, Plaintiff submitted un-redacted medical information and personal identifiers in violation of Federal Rule of Civil Procedure 5.2(e)(2) and L.U. R. Civ. P. 5. The BP Parties do not and will not oppose any effort to direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 5.2(e)(2) and/or L.U. R. Civ. P. 79 to restrict CM/ECF access to Plaintiff's medical records. *See, e.g.* October 23, 2020, Text Only Order (restricting access).

[9] *Id.* at *3; *See also*, *FDIC v. Cage*, 810 F. Supp. 745, 747 (1993)(where a party fails to provide any evidence of an intervening change and simply "expresses disagreement with the findings of the Court," no relief is due.)

[10] *W.C. Bulley v. Fidelity Fin'l Services of Miss., Inc.*, No. 3:99-cv-522-BN, 2000 WL 1349184 at *2 (S.D. Miss. Sept. 8, 2000).

*Reinsurance, PLC v. Durham Auctions, Inc.*, 1:07-cv-1783-HSO-JCG, 2008 WL 2513774 at *2 (S.D. Miss. June 16, 2008), this Court denied a similar motion:

> A motion for reconsideration under Rule 60(b) 'cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory.' Nor is such a motion a proper vehicle to 're-litigate matters that have been resolved to the movant's dissatisfaction' or to give the movant a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court. Reconsideration is an extraordinary remedy that should be used sparingly.[11]

As the Final Judgment confirms, Plaintiff did not meet her burden of proof on the essential element of legal causation. Nothing has changed.

## II. CONCLUSION

For all of the reasons set forth above, and in accordance with the applicable authorities, the Letter Motion must be denied. Plaintiff fails to offer any "explanation why such relief should be afforded, or which Rule 60(b) provision should govern,"[12] but again cites the very type of record evidence previously considered by this Court; a practice forbidden by the applicable Rules. This Court confirmed that the MSA requires BELO plaintiffs to establish causation through properly designated expert testimony, Plaintiff failed to come forth with any such proof and the Final Judgment was entered accordingly.

WHEREFORE, BP respectfully requests that this Court issue an Order denying the Letter Motion for Reconsideration [ECF No. 42].

---

[11] *Great Lakes Reinsurance, PLC v. Durham Auctions, Inc.*, No. 1:07-cv-1783-HSO-JCG, 2008 WL 2513774 at *2 (S.D. Miss. June 16, 2008).

THIS the 4th day of January, 2021.

                                **BP EXPLORATION & PRODUCTION INC.**
                                **BP AMERICA PRODUCTION COMPANY,**
                                *Defendants*

                BY:    /s/ Edderek L. Cole
                           Edderek L. "Beau" Cole, Esq. (MSB #100444)
                           *Attorney for Defendants*

**OF COUNSEL:**

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
1020 Highland Colony Parkway, Suite 400
Ridgeland, MS 39157
Telephone: (601) 812-6630
Telefax: (601) 206-0119
bcole@maronmarvel.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2021 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded via certified mail to the following:

Bertina Woodson
601 Botts Avenue, Apt. #D3
Troy, AL 36081

                                      */s/ Beau Cole*
                                      Edderek L. "Beau" Cole (MS Bar #100444)